FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CASE NO.: 6:16cv 1826 0M-28GK

2016 OCT 20   PM 3: 15

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**ELIANI GIL,**
And other similarly situated individuals,

      Plaintiff,

v.

**MIDEAL FOOD SERVICE LLC,**
a Florida Profit Limited Liability Company,
d/b/a **PUNTO LATINO RESTAURANT AND BAKERY**, individually;
**LEONARDO G. CORREIA**, individually;
**ELIAS DAVID MUNOZ**, individually;
**JULIO PENA,** individually,
**DANILO ARSENIJEVITH**, individually;
**MANUEL JIMENEZ**, individually
**IDEAL FOOD DISTRIBUTORS LLC**,
a Florida Profit Limited Liability Company, individually;
**EDWIN B. PEREZ**, individually;

      Defendant.

_____/

**COMPLAINT**

    Plaintiff ELIANI GIL ("Plaintiff"), by and through the undersigned counsel, hereby files

this Complaint against Defendants, MIDEAL FOOD SERVICE LLC, a Florida Profit Limited

Liability Company, d/b/a PUNTO LATINO RESTAURANT AND BAKERY, individually;

LEONARDO G. CORREIA, individually; ELIAS DAVID MUNOZ, individually; JULIO

PENA, individually; DANILO ARSENIJEVITH, individually; MANUEL JIMENEZ,

individually; IDEAL FOOD DISTRIBUTORS LLC, a Florida Profit Limited Liability Company,

individually; and EDWIN B. PEREZ, individually; collectively ("Defendants"), and alleges as

follows:

1.  This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees and costs or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3.  Plaintiff was at all times relevant to this action, resident of Orange County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4.  Defendant, MIDEAL FOOD SERVICE LLC, a Florida Profit Limited Liability Company, d/b/a PUNTO LATINO RESTAURANT AND BAKERY, having its main place of business in Orange County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5.  Defendant, LEONARDO G. CORREIA, is Owner of, and exercised operational control over the activities of, corporate Defendant, PUNTO LATINO RESTAURANT AND BAKERY.

6.  Defendant, ELIAS DAVID MUNOZ, is Owner of, and exercised operational control over the activities of, corporate Defendant, PUNTO LATINO RESTAURANT AND BAKERY.

7.  Defendant, JULIO PENA, is Owner of, and exercised operational control over the activities of, corporate Defendant, PUNTO LATINO RESTAURANT AND BAKERY.

8.  Defendant, DANILO ARSENIJEVITH, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MIDEAL FOOD SERVICE LLC.

9.  Defendant, MANUEL JIMENEZ, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MIDEAL FOOD SERVICE LLC.

10.    Defendant, IDEAL FOOD DISTRIBUTORS LLC, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MIDEAL FOOD SERVICE LLC.

11.    Defendant, EDWIN B. PEREZ, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, IDEAL FOOD DISTRIBUTORS LLC.

12.    Venue is proper in Orange County because all of the actions that form the basis of this Complaint occurred within Orange County and payment was due in Orange County.

13.    Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

14.    All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15.    At all times relevant, Plaintiff was employed by Defendant on or about June, 2015, through on or about November 17, 2015.

16.    Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

17.    Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

18.    Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

19.    Plaintiff, during relevant time period, from on or about June, 2015, through on or about November 17, 2015, worked approximately ten (10) overtime hours each week for which she was not paid 1.5 times her regular rate as provided by the FLSA.

20.    Since on or about October 2015, Plaintiff have not received any compensation.

21.   Plaintiff complained to Supervisor, Manuel Jimenez, about unpaid wages to which Mr. Jimenez would respond: "business is low, I will pay you back".

22.   Plaintiff retaliated by quitting on or about November 17, 2015 (Constructive Discharge due to unpaid wages).

<u>COUNT I</u>
*Wage & Hour Federal Statutory Violation against*
*MIDEAL FOOD SERVICE LLC*
*d/b/a PUNTO LATINO RESTAURANT AND BAKERY*

23.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

24.   This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

25.   Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

26.   At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

27.   Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint

4

enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

28.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

29.   Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

30.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

31.   To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C.  Award Plaintiff an equal amount in double damages/liquidated damages;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
***Wage & Hour Federal Statutory Violation against***
***LEONARDO G. CORREIA***

32.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

33.  At the times mentioned, Defendant was, and is now, Owner of corporate Defendant, PUNTO LATINO RESTAURANT AND BAKERY.

34.  Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

35.  Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

36.  Defendant willfully and intentionally refused to properly pay Plaintiff's wages as

required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
*Wage & Hour Federal Statutory Violation against*
*ELIAS DAVID MUNOZ*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

38. At the times mentioned, Defendant was, and is now, Owner of corporate Defendant, PUNTO LATINO RESTAURANT AND BAKERY.

39. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

40.     Defendant had operational control of the business and is thus jointly liable for Plaintiff's
        damages.

41.     Defendant willfully and intentionally refused to properly pay Plaintiff's wages as
        required by the law of the United States as set forth above and remains owing Plaintiff
        these wages since the commencement of Plaintiffs' employment with Defendant as set
        forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,
      intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime
      wage compensation for hours worked in excess of forty (40) weekly, with interest;

   C. Award Plaintiff an equal amount in double damages/liquidated damages;

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;
      and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the
      circumstances.

**COUNT IV**
***Wage & Hour Federal Statutory Violation against***
***JULIO PENA***

42      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22
        of this complaint as if set out in full herein.

43.     At the times mentioned, Defendant was, and is now, a corporate officer of corporate
        Defendant, PUNTO LATINO RESTAURANT AND BAKERY.

44.     Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair

8

Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

45.     Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

46.     Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
*Wage & Hour Federal Statutory Violation against*
*DANILO ARSENIJEVITH*

47     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

48.     At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, MIDEAL FOOD SERVICE LLC.

49.     Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

50.     Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

51.     Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.     Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.     Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C.     Award Plaintiff an equal amount in double damages/liquidated damages;

D.     Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.     Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *Wage & Hour Federal Statutory Violation against*
### *MANUEL JIMENEZ*

52    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

53.    At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, MIDEAL FOOD SERVICE LLC.

54.    Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

55.    Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

56.    Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.    Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C.    Award Plaintiff an equal amount in double damages/liquidated damages;

D.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
### Wage & Hour Federal Statutory Violation against
### IDEAL FOOD DISTRIBUTORS LLC

57.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

58.  This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

59.  Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

60.  At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

61.  Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the

common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

62. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

63. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

64. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

65. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VIII**
*Wage & Hour Federal Statutory Violation against*
*EDWIN B. PEREZ*

66. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

67. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, IDEAL FOOD DISTRIBUTORS LLC.

68. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

69. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

70. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff

these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C.  Award Plaintiff an equal amount in double damages/liquidated damages;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IX
*FLSA Retaliation Violation against*
*MIDEAL FOOD SERVICE LLC*
*d/b/a PUNTO LATINO RESTAURANT AND BAKERY*

71.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

72.  29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

73.  Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

74.   The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

75.   The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Enter judgment against Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.   Enter judgment against Defendant for all front wages until Plaintiff becomes 65 years of age; and

D.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT X
*FLSA Retaliation Violation against*
*IDEAL FOOD DISTRIBUTORS LLC*

76.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

77.   29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint

or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

78.   Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

79.   The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

80.   The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Enter judgment against Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.   Enter judgment against Defendant for all front wages until Plaintiff becomes 65 years of age; and

D.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _9/21/16_

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com