# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELIANI GIL,**

      **Plaintiff,**

v.   Case No:   6:16-cv-1826-Orl-28GJK

**MIDEAL FOOD SERVICE LLC, d/b/a PUNTO LATINO RESTAURANT AND BAKERY, LEONARDO G. CORREIA, ELIAS DAVID MUNOZ, JULIO PENA, DANILO ARSENIJEVITH, MANUEL JIMENEZ, IDEAL FOOD DISTRIBUTORS LLC, and EDWIN B. PEREZ,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 20)** |
| **FILED:** | **January 4, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

On October 20, 2016, Plaintiff filed a ten-count complaint against various defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). Doc. No. 1. Counts I and IX are asserted against Mideal Food Service LLC, Count V is asserted against Danilo Arsenijevith, and Count VIII is asserted against Edwin B. Perez. *Id.* at 4-6, 9-10, 15-16. On January 4, 2017, Mideal Food Service, Perez, and Arsenijevith moved to dismiss the claims

asserted against them (the "Motion"). Doc. No. 20. On January 18, 2017, Plaintiff filed her response to the Motion. Doc. No. 25.

When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id*. (citing *Twombly*, 550 U.S. at 555). Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

Mideal Food Service, Perez, and Arsenijevith move to dismiss the Complaint because Plaintiff did not sufficiently identify which defendant employed her. Doc. No. 20 at ¶ 13. Although eight defendants are named in the Complaint, Plaintiff throughout the Complaint uses the term "Defendant" in the singular and without defining it. Doc. No. 1. This renders it unclear exactly who employed Plaintiff.

- 3 -

For example, in paragraph four of the Complaint, Plaintiff alleges the following: "Defendant, Mideal Food Service LLC, a Florida Profit Limited Liability Company, d/b/a PUNTO LATINO RESTAURANT AND BAKERY, having its main place of business in Orange County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce." *Id.* at ¶ 4. Following this allegation, Arsenijevith is described as "a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MIDEAL FOOD SERVICE LLC." *Id.* at ¶ 8. Perez is described as "a corporate officer of, and exercised operational control over the activities of, corporate Defendant, IDEAL FOOD DISTRIBUTORS LLC[,]" while Ideal Food Distributors is described as "a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MIDEAL FOOD SERVICE LLC." *Id.* at ¶¶ 10, 11. Paragraph fifteen states that Plaintiff "was employed by Defendant on or about June, 2015, through on or about November 17, 2015[,]" but does not identify which of the eight defendants is being referenced. *Id.* at ¶ 15.

Under Count V of the Complaint, asserted against Arsenijevith, Plaintiff alleges the following: "Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the 'Fair Labor Standards Act' [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff." *Id.* at ¶ 49. This allegation is repeated in Count VIII, which is asserted against Perez. *Id.* at ¶ 68. Counts V and VIII, like the rest of the Complaint, never identify who is the "Defendant employer."

Plaintiff does not state who employed her. *Id.* at ¶¶ 1-22. The term "Defendant" is undefined and used throughout the Complaint to refer to each defendant, which exacerbates the confusion. Because there is no allegation of who employed Plaintiff, it is recommended that the

Court dismiss the Complaint. *See Crossley v. Armstrong Homes, Inc.*, No. 5:14-CV-636-OC-30PRL, 2015 WL 2238347, at *2 (M.D. Fla. May 12, 2015) ("To state a cause of action under the FLSA, an employee must first allege an employment relationship."). As "'a more carefully drafted complaint might state a claim upon which relief can be granted[,]'" it is recommended that Plaintiff be given an opportunity to file an amended complaint. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).

Defendants also ask the Court to award them attorney's fees for defending this matter. Doc. No. 20 at ¶ 35. Defendants fail to cite a legal basis for such an award, however, and therefore it is recommended that the request be denied. *See generally Italiano v. Jones Chems., Inc.*, 908 F. Supp. 904, 907 (M.D. Fla. 1995) (striking request for attorney's fees in complaint when plaintiffs did not cite statute or contract authorizing attorney's fees).

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 20) be **GRANTED IN PART AND DENIED IN PART** as follows:

1. That the Complaint be dismissed without prejudice;
2. That Plaintiff be given fourteen days from the date of the order to file an amended complaint; and
3. That in all other respects, the Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. In order to expedite this matter, if the parties have no

- 5 -

objections to this report and recommendation, they may promptly file a joint notice of no objection.

**RECOMMENDED** in Orlando, Florida, on March 14, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties